IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERARD JACKSON, individually and on behalf of all others similarly situated, | : : : | 
| Plaintiff, | |
| v. | **COMPLAINT – CLASS ACTION** |
| LOCUST MEDICAL, LLC | |
| Defendant. | |

**Preliminary Statement**

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive

telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. The Plaintiff Gerard Jackson alleges that Locust Medical, LLC made and/or contracted with a telemarketing firm to make unsolicited telemarketing calls to his residential telephone number that is listed on the National Do Not Call Registry.

4. Because telemarketing calls typically use technology capable of generating thousands of similar calls per day, the Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

5. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

6. Plaintiff Gerard Jackson is an individual residing in Pennsylvania in this District.

7. Defendant Locust Medical, LLC is a West Virginia limited liability company that offers medical support braces in this District, just as it did with the Plaintiff.

## Jurisdiction & Venue

8. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

9. The Court has personal jurisdiction over Defendant because it made calls into this District.

10. Venue is proper under 28 U.S.C. § 1391(b) because the calls at issue were made into this District.

## TCPA Background

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

12. The National Do Not Call Registry (the "Registry") allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

13. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

14. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of

action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## Factual Allegations

15. Locust Medical offers Durable Medical Equipment.

16. To generate leads, Locust Medical makes and/or contracts with a telemarketing firm, to make telemarketing calls to consumers who have never had a relationship and who have never consented to receive their calls.

17. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

18. Plaintiff's telephone number (the "Number"), (814)-876-XXXX, is on the National Do Not Call Registry since December 4, 2006.

19. Despite this, the Defendant, itself or through a telemarketing firm that it hired to make the calls, placed telemarketing calls to Mr. Jackson on December 6, 8, 9, 14, 16, 17, 20, 22, 2021.

20. All of the calls that were answered followed a similar script.

21. The telemarketer stated that they were calling regarding pain management.

22. The telemarketer and they would inquire about where Plaintiff had pain in his body.

23. The telemarketer then asked the Plaintiff if he wanted medical braces to help with that body pain.

24. As the calls were unwanted, the Plaintiff terminated many of them.

25. However, because the calls continued, on December 22, 2021, the Plaintiff engaged the telemarketing representative to identify what company he was calling from.

26. The caller identified Locust Medical through the process of obtaining sufficient information from the Plaintiff to arrange for a purchase of the medical devices Locust Offered.

27. The Plaintiff then received a statement from his Medicare insurance stating that a claim had been made to it by Locust confirming the solicitation.

28. Plaintiff's privacy has been violated by the above-described telemarketing calls.

29. The Plaintiff never provided his consent or requested these calls.

30. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls. In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication.

## Class Action Allegations

31. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

32. The class of persons Plaintiff proposes to represent is tentatively defined as:

**National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

This is referred to as the "Class".

33. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

34. The Class as defined above are identifiable through phone records and phone number databases.

35. The potential members of the Class number at least in the thousands.

36. Individual joinder of these persons is impracticable.

37. The Plaintiff is a member of the Class.

38. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    (a) whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

    (b) whether Defendant made calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;

    (c) whether Defendant's conduct constitutes a violation of the TCPA;

    (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

39. Plaintiff's claims are typical of the claims of members of the Class.

40. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

41. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

42. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

43. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

44. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

45. The Defendant's violations were negligent, willful, or knowing.

46. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

47. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as a representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making calls, except for emergency purposes, to any residential number listed on the National Do Not Call Registry in the future.

F. An award to Plaintiff and the Class of damages, as allowed by law; and

G. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

        Respectfully submitted,

        */s/ Jeffrey M. Bower*
        Jeffrey M. Bower (PA Bar No. 18266)
        BOWER LAW ASSOCIATES, PLLC
        403 S. Allen St., Suite 210
        State College, PA 16801
        Tel.: 814-234-2626
        jbower@bower-law.com

        PARONICH LAW, P.C.
        Anthony I. Paronich
        350 Lincoln St., Suite 2400
        Hingham, MA 02043
        617-485-0018
        anthony@paronichlaw.com
        *Subject to Pro Hac Vice*

        *Attorneys for Plaintiff and proposed class*