IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERARD JACKSON, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>LOCUST MEDICAL, LLC,<br><br>Defendant. | No. 4:22-CV-00424<br><br>(Chief Judge Brann) |

MEMORANDUM OPINION

OCTOBER 28, 2022

## I. BACKGROUND

In March 2022, Gerard Jackson, on behalf of himself on all similarly situated individuals, filed a complaint against Locust Medical, LLC ("Locust") alleging that Locust violated the Telephone Consumer Protection Act ("TCPA").[1] In his complaint, Jackson avers that Locust contracts with a telemarketing firm to place calls to consumers with whom Locust has no relationship in order to sell durable medical equipment.[2] Jackson's telephone number has been listed on the National Do Not Call Registry ("NDNCR") since December 4, 2006.[3] Nevertheless, Locust—or

---

[1] Doc. 1.
[2] *Id.* ¶¶ 15-16.
[3] *Id.* ¶ 18.

a telemarketing firm acting on its behalf—placed telemarketing calls to Jackson on eight occasions in December of 2021.[4]

The telephone calls to Jackson followed a similar script and offered medical braces to help with body pain.[5] Eventually, Jackson agreed to purchase medical braces and discovered that it was Locust that was calling; Jackson's insurance later confirmed that a claim for the medical braces had been submitted by Locust.[6] Jackson did not consent to, or request, the calls from Locust.[7] Jackson seeks class certification of his claim, and defines his proposed class as:

> All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior the filing of the Complaint.[8]

Locust now moves to strike the proposed class, asserting that the allegations fail to meet the requirements for class certification.[9] Specifically, Locust asserts that the class definition may include individuals who canceled or opted out of the NDNCR or who were removed from the NDNCR by the administrator.[10] Because the proposed class does not exclude such individuals, Locust argues that it fails both

---

[4] *Id.* ¶ 19.
[5] *Id.* ¶¶ 20-23.
[6] *Id.* ¶¶ 25-27.
[7] *Id.* ¶ 29.
[8] *Id.* ¶ 32.
[9] *See* Doc. 10.
[10] *Id.* at 5-8.

the commonality and predominance requirements for class certification.[11] Furthermore, Locust contends that the proposed class fails to satisfy Federal Rule of Civil Procedure 23(b)(2).[12]

Jackson responds that striking the class allegation is inappropriate before discovery has been conducted, as issues of consent to receive phone calls or the potential cancellation of an individual's registration on the NDNCR are difficult to resolve prior to discovery.[13] Locust has not filed a reply brief and the time to do so has lapsed, rendering this matter ripe for disposition. For the following reasons, Locust's motion will be denied.

## II. DISCUSSION

### A. Law Regarding Motion to Strike

Defendants may move to strike class allegations prior to discovery. However, striking such allegations is appropriate only in the "rare [cases] where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met."[14] The difficulty in striking such allegations arises in part because "[t]o determine if the requirements of Rule 23 have been satisfied, a district court must conduct a rigorous analysis."[15] "In doing so, a court may delve beyond the pleadings

---

[11] *Id.*
[12] *Id.* at 7-8.
[13] Doc. 11.
[14] *Landsman & Funk PC v. Skinder-Strauss Assocs.*, 640 F.3d 72, 93 n.30 (3d Cir. 2011), *opinion vacated in part on other grounds*, No. 09-3105, 2012 WL 2052685 (3d Cir. Apr. 17, 2012).
[15] *Id.* at 93 (internal quotation marks omitted).

to determine whether the requirements for class certification are satisfied . . . [and] may have to venture into the territory of a claim's merits and evaluate the nature of the evidence."[16]

Consequently, "[i]n most cases, some level of discovery is essential to such an evaluation" and "allowing time for limited discovery supporting certification motions may be necessary for sound judicial administration."[17] "Further, in the specific context of claims filed under the TCPA statute, it is difficult to resolve without discovery whether there are factual issues regarding class members' business relationships with defendants or whether they consented to the receipt of" phone calls and "differences among plaintiffs' consent may be defeated by common proof developed in discovery."[18]

As a result, "[m]otions to strike class allegations are disfavored because a motion for class certification is a more appropriate vehicle for arguments about class propriety," since "[c]lass determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action, and discovery is therefore integral."[19] "It is only when no amount of discovery or

---

[16] *Id.* (internal citations and quotation marks omitted).
[17] *Id.* (brackets, ellipsis, and internal quotation marks omitted).
[18] *Id.* at 93-94.
[19] *Luciano v. Tchrs. Ins. & Annuity Ass'n of Am. - Coll. Ret. Equities Fund*, No. CV156726ZNQDEA, 2022 WL 1044969, at *3 (D.N.J. Apr. 7, 2022) (internal quotation marks omitted).

time will allow for plaintiffs to resolve deficiencies in class definitions under Rule 23, that a motion to strike class allegations should be granted."[20]

### B. Whether the Complaint Demonstrates that the Class Cannot be Certified

Rule 23 certification is appropriate

only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.[21]

Plaintiffs must further meet one of three enumerated instances in Rule 23(b) including, *inter alia*, "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."[22]

Here, Locust asserts that neither commonality nor predominance is satisfied, since the proposed class fails to exclude anyone who canceled or opted out of the NDNCR.[23]

As to commonality, plaintiffs must demonstrate "that 'there are questions of law or fact common to the class.'"[24] "Commonality does not require an identity of

---

[20] *Id.* (internal quotation marks omitted).
[21] Fed. R. Civ. P. 23(a).
[22] Fed. R. Civ. P. 23(b)(3).
[23] Doc. 10.
[24] *Johnston v. HBO Film Mgmt., Inc.*, 265 F.3d 178, 184 (3d Cir. 2001) (quoting Fed. R. Civ. P. 23(a)(2)).

claims or facts among class members; instead, the commonality requirement will be satisfied if the named plaintiffs share at least one question of fact or law with the grievances of the prospective class."[25] With respect to predominance under Rule 23(b)(3), "[t]he predominance inquiry asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues."[26] The United States Supreme Court has emphasized that:

> When one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members.[27]

Contrary to Locust's arguments, at this stage in the proceedings—prior to any discovery having been conducted—the Court cannot find that the "complaint itself demonstrates that the requirements for maintaining a class action cannot be met."[28] Locust speculates that some members of Jackson's proposed class may have "canceled or otherwise opted-out of the do-not-call registry," or have had their telephone numbers removed from the registry[29] and, indeed, Jackson acknowledges

---

[25] *Id.* (brackets and internal quotation marks omitted).
[26] *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016) (internal quotation marks omitted).
[27] *Id.* (internal quotation marks omitted).
[28] *Landsman*, 640 F.3d at 93 n.30.
[29] Doc. 10 at 6.

that, during a period in late 2020 and early 2021, approximately fifteen telephone numbers were removed from the NDNCR per day.[30]

However, it simply is not possible at this stage of litigation to determine whether some members of the proposed class were removed from the NDNCR or whether Locust will be able to sustain its burden of demonstrating that some proposed class members consented to receive communications from Locust.[31] This commonsense proposition is amply supported by the numerous cases to which Jackson cites wherein courts have denied motions to strike class allegations under similar circumstances.[32] Here, "[d]iscovery is necessary for [this C]ourt to conduct the 'rigorous analysis' it is tasked with at this stage, and more than speculation and supposition is needed to say that" the requirements for maintaining a class action cannot be met.[33] Therefore, "[a] more robust record must be developed here as to the precise nature of the class claims."[34]

Finally, while Locust argues that Jackson cannot meet the Rule 23(b)(2) standard requiring that Locust "acted or refused to act on grounds that apply generally to the class,"[35] that alleged failure is far from dispositive. As noted above, a plaintiff in a class action must meet all of the requirements of Rule 23(a), but need

---

[30] Doc. 11 at 6.
[31] *See Rosales v. Heath*, No. 8:17CV87, 2019 WL 7586541, at *4 (D. Neb. June 27, 2019) (collecting cases holding that consent is an affirmative defense).
[32] *See* Doc. 11 at 7-9 (collecting cases).
[33] *Landsman*, 640 F.3d at 95.
[34] *Id.*
[35] Doc. 10 at 7.

meet only one of the three requirements of Rule 23(b). Consequently, any failure to allege that Rule 23(b)(2) is met would not require that the class allegations be struck. Because the complaint itself does not "demonstrate[] that the requirements for maintaining a class action cannot be met,"[36] Locust must challenge class certification at a later stage in these proceedings, and its motion to strike will be denied.

## III. CONCLUSION

For the foregoing reasons, Locust's motion to strike the class allegations will be denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[36] *Landsman*, 640 F.3d at 93 n.30.