DE BEOF LUCCHESI, P.C.
Faith M. Lucchesi, Esq.
1402 S. Atherton Street
State College, PA 16801
814-231-4050
Faith@dlasc.com

Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GERARD JACKSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LOCUST MEDICAL, LLC<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 4:22-CV-00424-MWB<br><br>Hon. Matthew W. Brann<br><br>**ANSWER** |

## Preliminary Statement

1. Admitted that certain telemarketing calls may be intrusive, it is also admitted that telemarketing calls may be welcomed if useful to satisfy a need. Whether a telemarketing call is intrusive or helpful is subjective to the recipient and Plaintiff's broad statement is denied. It is admitted that Congress enacted the Telephone Consumer Protection Act of 1991 (herein, the "TCPA"), as stated and codified. The law speaks for itself, and the contents of the law are admitted.

2. It is admitted that Plaintiff cherry-picked certain quotations from *Krakauer v. Dish Network, L.L.C.,* 925 F.3d 643, 649-50 (4th Cir. 2019), it is denied that the recitations relate to this action. In the same published opinion, the court acknowledged, "There are limited exceptions. For instance, a call does not count as a "telephone solicitation" if the caller and the recipient have an established business relationship, *see* 16 C.F.R. § 310.2(q), or if the recipient invited the call, *see* 47 C.F.R. § 227(a)(4)." *Id.*

3. Admitted that the Plaintiff is making the stated allegation, it is denied that the Plaintiff did not invite the call as established in the exceptions to the TCPA which override the Do Not Call Registry.

4. It is admitted that this Plaintiff is attempting to certify the matter as a class action and that Plaintiff does not have any evidence that a class can be properly identified. Plaintiff's assertion on its face is merely what he believes is "typical" in certain industries, of which this Defendant is not included in, and the intended insinuation is denied.

5. This is denied as a legal conclusion which cannot be sustained by the allegations.

**Parties**

6. Admitted on information, belief, and the Plaintiff's reported IP Address.

7. Admitted that Locust Medical, LLC is a West Virginia limited liability company that offers medical equipment. It is further admitted that Plaintiff made a purchase from this Defendant for the purpose of initiating class-action litigation and not as an honest purchaser.

**Jurisdiction & Venue**

8. Admitted.

9. Admitted that jurisdiction is not being challenged and that a call was made on behalf of the Defendant to the Plaintiff. It is further admitted that the Plaintiff invited the call as an exception to the TCPA.

10. Admitted.

**TCPA Background**

11. Admitted as a statement of law and history only.

12. Admitted as a statement of law only.

13. Admitted as a statement of law only.

14. Admitted as a statement of law only.

**Factual Allegations**

15. Admitted.

16. Admitted that Locust Medical contracts with a marketing company and that said marketing company has policies and procedures in place to be in full compliance with the Do Not Call Registry.

17. Admitted on information and belief.

18. Defendant cannot admit or deny this allegation as Plaintiff's alleged telephone number contacted is not stated.

19. Defendant cannot admit or deny this allegation as the alleged telephone number contacted is not stated.

20. Defendant cannot admit or deny this allegation as the alleged telephone number contacted is not stated.

21. Defendant cannot admit or deny this allegation as the alleged telephone number contacted is not stated.

22. Defendant cannot admit or deny this allegation as the alleged telephone number contacted is not stated.

23. Defendant cannot admit or deny this allegation as the alleged telephone number contacted is not stated.

24. Defendant cannot admit or deny this allegation as it is a subjective statement of a desire held by Plaintiff and not an objective fact.

25. Defendant cannot admit or deny this allegation as the alleged telephone number contacted is not stated.

26. Defendant cannot admit or deny this allegation as the alleged telephone number contacted is not stated.

27. Denied as stated. Plaintiff would have to approve a purchase for the

same to be submitted for Medicare reimbursement. If Plaintiff approved a billing to Medicare without the honest intent to make the purchase Plaintiff's actions would be violative of Medicare rules.

28. Defendant cannot admit or deny this allegation as the alleged telephone number contacted is not stated and any such purchase could have been initiated by Plaintiff.

29. Denied that Defendant, directly or indirectly, ever contacted any person who was actively listed on the Do Not Call Registry.

30. Defendant cannot admit or deny this allegation as the alleged telephone numbers allegedly contacted are not stated.

**Class Action Allegations**

31. Admitted that Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure relate to class actions. It is denied that the facts of this matter as alleged permit class certification as not a single breach of the TCPA has been alleged on the facts contained in the Complaint.

32. Admitted that this is a statement of the proposed class.

33. Admitted that said exclusions are required by law.

34. It is admitted that additional records are required to identify the class, it is denied that such a class can be so identified in this action.

35. Denied as stated as it is equally likely that said proposed class has

zero potential members.

36. Denied that joinder is impracticable as no class members have even been identified.

37. Admitted only that this Plaintiff desires to be a member of the proposed class. It is denied that this Plaintiff qualifies as a member of the class.

38. Denied as a conclusion of law as it allegedly relates to all persons that are not yet identified.

a. Denied that this is a common question related to all potential class members as every person (1) must register on the Do Not Call Registry and each (2) can remove themselves from the Do Not Call Registry through various procedures. Each of which is an individualized inquiry;

b. Denied that this is a common question related to all potential class members as "prior express written consent" is not a requirement to make a marketing call to a person;

c. Denied that this is a common question related to all potential class members and is instead a particular question related to each class member;

d. Denied that this is a common question related to all potential class members and is instead a particular question related to each class

member.

39. Denied that the individual inquiry necessary to identify all potential plaintiffs can be identified as "typical."

40. Denied. Plaintiff has not, and can not, establish himself to be included in the proposed class and therefore is not qualified to be a class representative.

41. Denied as every person in the proposed class will have to show both that they were on the Do Not Call Registry and that they did not exclude themselves from the Do Not Call Registry through a variety of acts.

42. As there are currently no members of the proposed class identified, this broad statement about what the alleged but non-existent class members would or would not do is speculative and denied.

**FIRST CAUSE OF ACTION**

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

43. Defendant incorporates the answers to all allegations stated *supra* hereat in full.

44. Denied that this Plaintiff was on the Do Not Call Registry or that he did not opt out of said Registry by subsequent act.

45. Denied that Defendant violated the TCPA for the reasons stated herein and incorporated hereat in full.

46. Denied as a legal conclusion and contrary to facts of this matter.

47. Denied as a legal conclusion.

Respectfully submitted,

DE BOEF LUCCHESI, PC

By: /s/ Faith M. Lucchesi_________
Faith M. Lucchesi, PA ID No. 86323
De Boef Lucchesi, PC
1402 S. Atherton Street
State College, PA 16801
Voice: (814) 231-4050
Faith@DLASC.com

*Counsel for Defendant*