**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GERARD JACKSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LOCUST MEDICAL, LLC<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil File No. 4:22-cv-424-MWB |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Plaintiff is cognizant of the mandates imposed by Court orders setting scheduling deadlines. Plaintiff is also cognizant of the dictates of FED. R. CIV. P. 15(a). However, the Plaintiff seeks leave of court to amend his class action complaint to add as a Defendant Locust Medical, LLC's owner, George Spadaro, because justice requires the amendment. In accordance with Rule 15(a)(2)'s mandate, and in the spirit of FED. R. CIV. P. 1, this Court should "freely" grant leave to amend because it will secure the just, speedy, and inexpensive determination of this class action dispute.

As this Court is well aware, this case is a putative class action alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). The Plaintiff has taken discovery in this matter, including Mr. Spadaro's deposition in April of 2023. That deposition revealed two shocking things. First, it revealed Mr. Spadaro's total lack of respect for the TCPA or compliance in general. Second, it revealed the vendors that Locust hired to place the calls at issue, including critically what became of such vendors. Specifically, it was revealed that Central

Tact, LLC, the vendor hired by Mr. Spadaro to make the calls to Mr. Jackson, and the individual at Central Tact with whom Mr. Spadaro had communicated, both abruptly cut off communication once their lies about TCPA compliance and Mr. Jackson's purported consent were uncovered.

Thereafter, throughout May through August of 2023, the Plaintiff attempted to seek third party discovery from Central Tact with the aim of ultimately adding Central Tact into the lawsuit and obtaining calling records. These efforts proved fruitless, but not for a lack of trying. You see, Central Tact LLC is a Wyoming LLC. Wyoming LLCs are favoured by foreign corporations because they require little in the way of formalities to form and also, unlike most states, do not require the disclosure of corporate beneficial ownership. In reality, Central Tact and its owners, including "Kevin Moore," whom the parties suspect is an alias, are located in Gaza, Egypt. Central Tact LLC is merely a US-based shell that will not and has not responded to legal process.

In late August of 2023, Defendant Locust Medical produced its call file of the leads it purchased from Central Tact. But even this call file paints an incomplete picture because it only captures the 6,000-odd customers that Locust Medical actually sold products to. It does not reveal the potential millions of other individuals that Central Tact robodialed using the notorious ViciDial automatic dialer, a free dialer which is the favourite of tele-scammers worldwide.

And, in a *deliberate* attempt to hide critical facts from the Plaintiff and mislead both the Plaintiff and the Court, it was not until February 28, 2024 that counsel for the Defendant, Faith Lucchesi, sent Plaintiff's counsel an email, attached to this motion as Exhibit 1[1], stating that "Locust Medical doesn't have any U.S. assets, they never did, and will be largely judgment proof *even if* you prevail on the claims solely against the business, which I do not see as possible,

[1] FRE 408 portions of that e-mail have been redacted.

but sometimes it rains in the desert." It was not until this email that Plaintiff even became aware of the truth: that Locust Medical had no U.S. assets. Such a monumental revelation was flatly contradicted by Mr. Spadaro's deposition testimony, whereby Mr. Spadaro represented that: (1) Locust had an office in Clinton, West Virginia, (2) that individuals can walk into the office to purchase medical supplies and that they "get a lot of walk-ins," (3) that Locust Medical had appropriate licenses in the United States, including the ability to bill Medicare, and (4) employs two persons who handle logistics in the United States. As a result, the Plaintiff now moves to amend the complaint to add in Mr. Spadaro personally.

In sum, this motion is made pursuant to Fed. R. Civ. P. 15(a)(2), in anticipation of class certification, and is in the interest of judicial economy as Plaintiff is simply seeking to add an additional defendant which is, by operation of law, liable for the misconduct alleged and which will jointly and severally be liable to any certified class for any relief the Court may grant.

What's more, only by adding Mr. Spadaro as an additional defendant will the Court be able to "accord complete relief among existing parties." FED. R. CIV. P. 19(a)(1)(A). This makes Mr. Spadaro an indispensable party requiring his joinder. In examining the language of Rule 19, courts in the Third Circuit consider, at minimum, that parties to a contract which is the subject of the litigation and/or who are joint tortfeasors as necessary parties who *must* ordinarily be joined. *See Mattia v. Allstate Ins. Co.*, No. CIV.A. 14-2099, 2014 WL 2880302, at *5 (E.D. Pa. June 24, 2014). Because Mr. Spadaro was a signatory each contract between Locust Medical and its vendors, personally oversaw such relationship, and personally dictated the *laissez-faire* policy with respect to vendors' TCPA compliance, he is a necessary party to the action, and therefore he *must* be joined into the complaint if feasible. *Tullett Prebon PLC v. BGC Partners, Inc.*, 427 Fed.Appx. 236, 239 (3d Cir. 2011). It is telling here that the framers of Rule 19 used the word

*must*, a word that is entitled to one of the strongest presumptions known to the law. It is a mandate with only one exception: if the joinder would be unfeasable.

And here, nothing indicates that joinder would be unfeasable. *See United Takeda Pharms. USA, Inc. v. Spireas*, No. CV 17-0452, 2017 WL 4401988, at *12 (E.D. Pa. Oct. 3, 2017). Mr. Spadaro still exists. *See id.* He is still subject to this Court's personal and subject matter jurisdiction, and adding him would destroy neither. *See id.* He is still the owner of Defendant Locust, which continues to operate, and he continues to manage its affairs. *See id.* Finally, he is personally liable for the TCPA violations alleged herein under bulletproof statutory language and case law pursuant to 47 U.S.C. § 217 of the TCPA, which reads, *inter alia*: "[T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user *as well as of that person*." 47 U.S.C. § 217 (emphasis added); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

The Plaintiff is all too aware of the optics of adding in a Defendant after discovery has closed. However, this optical consideration is almost completely mitigated by the fact that it was the Defendant's *own misconduct* of flat-out lying in discovery that caused the harm at issue here and did not allow the Plaintiff to amend any sooner. Faced with the real possibility that this Cass will get certified against an entity that can simply pack up shop and shut down, and thereby be unable to give the Class any relief, the Plaintiff can and indeed must add Mr. Spadaro as an individual defendant. It was Mr. Spadaro's own misconduct, including the lies he spewed to counsel for the Plaintiff, that partially precipitates his addition as an individual defendant.

Moreover, in adding Mr. Spadaro, Plaintiff makes two representations to this Court: *first*, the Plaintiff represents to this Court that this will be his first amendment in this case. *Second*, the Plaintiff represents to this Court that he is not and will not seek to reopen discovery as to this additional Defendant. As a result, an amendment would not prejudice the Defendant; it would only cause the Defendant to be held to account for actions that discovery has revealed he already committed.

What's more, judicial economy would actually be further served here because the Plaintiffs and the putative class are better served proceeding in this matter rather than needing to initiate a new action to seek to force Mr. Spadaro into compliance with the TCPA and change his lackadaisical attitude toward TCPA compliance and force him to police his vendors, including if he simply closes up Locust Medical and spins up a new shell as he has threatened to do. Indeed, without Mr. Spadaro's inclusion, he could simply fold up Locust Medical, which he has now admitted he lied about having assets and has no assets, spin up a new LLC and thereby effectively weasel out of both financial liability and the TCPA's injunctive relief.

Whether justice requires an amendment is a question left to the trial court's sound discretion and is reviewed on an abuse of discretion standard. Reasons for denying a plaintiff's request for leave to amend a complaint include prejudice to the nonmoving party, undue delay, bad faith or dilatory motive, and futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). None of these factors are present here. First, as explained above, there is no additional prejudice to the nonmoving party because the party is already liable, has participated in the proceedings thus far, and is a necessary, indispensable party. Moreover, Mr. Spadaro cannot claim prejudice as a result of his own misconduct and a situation entirely of his own making in now admitting that Locust

Medical is a shell that has no assets, a material fact he not only covered up but *lied about*, including in his discovery responses and in his position as the 30(b)(6) representative for Locust.

Second, the amendment is not done for undue delay, bad faith, or a dilatory motive. We are not on the eve of trial, and the deadline to certify the class has not yet passed. Indeed, if anyone here is guilty of misconduct here, it is Mr. Spadaro. As the District of Delaware held in permitting amendment to add a successor company in litigation after discovery was closed and on the eve of trial, there was no undue delay in asserting the amendment because of "protracted discovery disputes and the anticipation of settlement negotiations." *Frederick v. Avantix Lab'ys, Inc.*, 773 F. Supp. 2d 446, 452 (D. Del. 2011). There, the court also noted facts, just like here, which tended to show that the successor company was merely spun up as a front to attempt to avoid liability and had the same employees. *Id.* Soo too here, as outlined above. Moreover, as the District of Delaware noted in *Frederick*, the amendment is all the more proper because it simply adds a party who had notice of the plaintiff's claim, and unlike in *Frederick* and more to the point had his deposition taken and engaged in deliberate falsehoods to attempt to duck liability. *Frederick v. Avantix Lab'ys, Inc.*, 773 F. Supp. 2d 446, 451 (D. Del. 2011).

Finally, there is no futility. In sum, when evaluating the futility of an amendment, this Court is guided by the 12(b)(6) standard and must evaluate if the Plaintiff has stated a claim upon which relief could be granted. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Here, amendment would not be futile because the Plaintiff has plainly set forth a claim for which relief could be granted under the TCPA's personal liability provision by a showing, at discovery, no less, that Mr. Spadaro had direct, personal knowledge of and participation in the conduct alleged to have violated the TCPA. The personal liability in this case is made all the more stronger by the fact that the defendant seeking to be added personally

committed the improprieties in discovery alleged. Imposing personal liability on him would therefore be warranted as it so plainly satisfies the Rule 12(b)(6) standard.

The Plaintiff has demonstrated that justice requires granting leave to amend not only because the factors for amendment are satisfied here but also because the purpose of the amendment is to add an indispensable party in order to afford complete relief. Accordingly, this Court should grant leave to amend. A proposed Amended Complaint is attached as Exhibit 2.

Dated: March 22, 2024

PLAINTIFF, individually and
on behalf of others similarly situated,

*/s/ Anthony Paronich*

PARONICH LAW, P.C.
Anthony I. Paronich
350 Lincoln St., Suite 2400
Hingham, MA 02043
617-485-0018
anthony@paronichlaw.com
*Pro Hac Vice*

*Attorneys for Plaintiff and proposed class*

LOCAL RULE CONFERRAL CERTIFICATION

Plaintiff informed Defendants of their intent to file this Motion for Leave on but have not yet received a response setting for Defendants' position on this Motion.

*/s/ Anthony Paronich*

CERTIFICATE OF SERVICE

I, hereby certify that on March 22, 2024, I served the foregoing through the Court's CM/ECF system.

*/s/ Anthony Paronich*