**BOWER LAW ASSOCIATES, PLLC**
*Attorneys and Counselors at Law*

The Towers
403 South Allen Street, Suite 210
State College, Pennsylvania 16801
Telephone: (814) 234-2626
Facsimile: (814) 237-8700

## FACSIMILE TRANSMISSION COVER SHEET

DATE: January 19, 2022 RECIPIENT'S FAX NUMBER: 347-708-1620

THIS FACSIMILE CONTAINS 4 PAGE(S), INCLUDING THIS ONE.

THE ORIGINAL OF THIS DOCUMENT ( ) WILL (X) WILL NOT FOLLOW

TO: George Spadaro

OF: Locust Medical, LLC and Summer Medical Supply, LLC

FROM: Jeremy C. Jackson, Esq.

SUBJECT: Violations of the Telephone Consumer Protection Act, Pennsylvania Telemarketer Act, and Federal False Claims Act.

MESSAGE: See the attached letter.

IF YOU HAVE DIFFICULTY RECEIVING THIS TRANSMISSION, PLEASE TELEPHONE OUR OFFICE AT (814) 234-2626.

NOTICE OF PRIVACY & CONFIDENTIALITY

THE INFORMATION CONTAINED IN THIS COMMUNICATION IS CONFIDENTIAL, MAY BE ATTORNEY-CLIENT PRIVILEGED, MAY CONSTITUTE INSIDER INFORMATION, AND IS INTENDED SOLELY FOR THE USE OF THE PERSON OR ENTITY TO WHOM IT IS ADDRESSED. UNAUTHORIZED USE, DISSEMINATION, DISCLOSURE, DISTRIBUTION, COPYING OR RELIANCE UPON ITS CONTENTS IS STRICTLY PROHIBITED, MAY BE UNLAWFUL UNDER FEDERAL AND STATE STATUTES AND COULD SUBJECT YOU TO LEGAL ACTION. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AT (814) 234-2626 AND RETURN THE ENTIRE TRANSMISSION TO US AT THE ADDRESS ABOVE VIA U.S. POSTAL SERVICE. WE SHALL REIMBURSE ANY COSTS YOU INCUR IN NOTIFYING US AND RETURNING THE MESSAGE TO US. THANK YOU

DEFENDANT'S EXHIBIT
1

# BOWER LAW ASSOCIATES, PLLC

*Attorneys and Counselors at Law*

Reply to: Jeremy C. Jackson, Esq.

The Towers
403 South Allen Street, Suite 210
State College, Pennsylvania 16801
Telephone: (814) 234-2626
Facsimile: (814) 237-8700
Email: jjackson@bower-law.com


January 19, 2022

George Spadaro
Locust Medical, LLC
213 Temple Street
Hinton, WV 25951

and

Summers Medical Supply, LLC
310 3rd Ave
Hinton WV 25951

RE: Gerard F. Jackson v. George Spadaro, Locust Medical, LLC, and Summers Medical Supply, LLC
Violations of the Telephone Consumer Protection Act, Pennsylvania Telemarketer Act, and Federal False Claims Act.

Dear Mr. Spadaro and To Whom It May Concern:

My client, Gerard F. Jackson, has received numerous unsolicited telemarketing calls marketing him "free" and "no cost" durable medical supplies despite the registration of his cellular telephone on the Federal and Pennsylvania Do-Not-Call Registry. My client has never requested these types of calls.

My client was unable to stop these harassing phone calls through his aforementioned registration on the Do-Not-Call Registry and his repeated requests to not be called. Additionally, the callers refused to identify themselves when they would call and the callers would hang up the call when Mr. Jackson would ask the name of the company that was calling him. These calls were placed to Mr. Jackson through the use of caller-ID "spoofing", where a false number was sent to his telephone's caller-ID, so Mr. Jackson could not call back.

The circumstances forced my client to take the step of completing an order for multiple braces so that he could identify the party that would not stop making these harassing calls to him.

Mr. Jackson received these braces from Locust Medical, LLC ("Locust") and Mr. Jackson's Medicare was billed by Locust on December 23, 2021. Locust claimed that these braces were ordered by "Govind Seth", however, my client has never spoken with Dr. Seth and he is not Mr. Jackson's treating physician, a violation of 42 USC § 1395m(a)(1)(E)(ii).

Additionally, this scheme indicates a violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b), because funds to pay Dr. Seth, the telemarketer/lead generator, and all other involved entities would only be generated if the DME was approved and Medicare billed.

Further, I note that you operate a second DME company, Summers Medical Supply, LLC ("Summers"), which claims to operate less than 500 feet from Locust. Both of these DME companies being located in town with a population of less than 3,000 people. This operation of multiple DME companies defies logic unless the goal is to avoid Government scrutiny of fraudulent activity by using multiple DME companies to spread out claims submitted to Medicare. This is the method uncovered in the Government's investigation, Operation Brace Yourself, which identified Kelly Wolfe and her conspirators in their vast DME fraud scheme.

These unsolicited telemarketing calls to my client not only violate the Federal Telephone Consumer Protection Act ("TCPA") and the Pennsylvania Telemarketer Registration Act, but they also violate the Federal prohibition against the making of unsolicited telephone contacts by suppliers of durable medical supplies, 42 USC § 1395m(a)(17).

Any of these Medicare violations could be the basis of a Federal False Claims Act claim (Qui Tam), 31 U.S.C. §§ 3729-3732, for all Durable Medical Equipment that Locust and Summers billed to Medicare, not just my client's. Locust and Summers would be subject to a claw back of all payments made to them by the Federal government that involved these violations. My client may choose to pursue a Qui Tam claim against Locust and Summers if a prompt resolution cannot be reached.

To date, my client has received at least fourteen (14) unsolicited telemarketing calls which he believes were made by or on your companies' behalf. These unsolicited telemarketing calls violate numerous Federal and Pennsylvania state telemarketing laws, including:

-Calling with an Automatic Telephone Dialing System, 47 U.S.C. § 227(b)(1)(A)(iii), $500.00 per call or $1,500.00 per call if trebled as permitted by statute,

-Calling a number listed on the Federal DNC Registry, 47 C.F.R. § 64.1200(c)(2), $500.00 per call or $1,500.00 per call if trebled as permitted by statute,

-Calling a number listed on the Pennsylvania DNC Registry, 73 P.S. § 2245.2(A), $100.00 per call or $300.00 per call if trebled as permitted by statute, and

-Calling with caller identification blocking (transmitting a false or "spoofed" telephone number), 73 P.S. § 2245, $100.00 per call or $300.00 per call if trebled as permitted by statute.

The total statutorily prescribed trebled damage amount for these aforementioned violations is $50,400.00. We believe that if this matter is litigated that additional violations will be found that will further increase my client's statutory damages.

At this time, my client is willing to agree to a confidential settlement for all of his claims, known and unknown for $50,400.00.

Additionally, my client wants to return everything that he received from Locust and he wants Medicare and his personal Highmark Inc. insurance fully refunded for any payments they may have made on his behalf regarding this matter.

If this matter is not promptly settled a Complaint will be filed that will name not only your companies, but under Pennsylvania's Participation Theory of Liability, George Spadaro will also be named individually, along with any other participating collaborators, co-conspirators, owners, officers, members, directors, and/or individuals that are found through Discovery.

Promptly contact my office to discuss this matter before a Civil Complaint is filed.

Very truly yours,

BOWER LAW ASSOCIATES, PLLC

By: Jeremy C. Jackson, Esq.